Diane L. Polscer, WSB No. 14627
dpolscer@gordon-polscer.com
**GORDON & POLSCER, L.L.C.**
Suite 650
9755 S.W. Barnes Road
Portland, OR 97225
Telephone: (503) 242-2922
Facsimile: (503) 242-1264

Attorneys for Plaintiff Nationwide Agribusiness Insurance Company

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NATIONWIDE AGRIBUSINESS INSURANCE COMPANY, an Iowa company,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL SURETY CORPORATION, an Illinois company, CRF FROZEN FOODS, LLC, a Delaware company,<br><br>Defendants. | **Case No.** *<br><br>**COMPLAINT FOR DECLARATORY RELIEF**<br><br>(28 U.S.C. § 2201) |

**COMPLAINT**

Plaintiff Nationwide Agribusiness Insurance Company ("Nationwide") alleges as follows:

COMPLAINT FOR DECLARATORY RELIEF - Page 1

## PARTIES

1.

Nationwide is an Iowa company with its principal place of business in Iowa.

2.

National Surety Corporation ("National Surety") is an Illinois company with its principal place of business in Illinois.

3.

CRF Frozen Foods, LLC ("CRF") is Delaware company with its principal place of business in Washington.

## JURISDICTION AND VENUE

4.

This Court has personal jurisdiction over the Defendants pursuant to Rule 4 of the Federal Rules of Civil Procedure and Washington Revised Code § 4.28.185 in that the Defendants, are or were authorized to do business in Washington and have, in fact, transacted business in Washington.

5.

This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 1332 because complete diversity exists among the parties and the total amount in controversy exceeds $75,000, exclusive of interest and costs.

6.

Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the contracts of insurance as described herein were issued to the insured in this District, and therefore a substantial part of the events giving rise to the claim occurred therein.

## THE INSURANCE POLICIES

7.

Nationwide issued commercial general liability policy number CPP135235A to CRF for the period of May 3, 2013, to May 3, 2014 ("Nationwide '13-'14 Primary Policy"), a true and correct copy of which is attached hereto as Exhibit A.

8.

The Nationwide '13-'14 Primary Policy was renewed for the period of May 3, 2014, to May 1, 2015 ("Nationwide '14-'15 Primary Policy"), a true and correct copy of which is attached hereto as Exhibit B.

9.

The Nationwide '14-'15 Primary Policy was renewed for the period of May 1, 2015, to May 1, 2016 ("Nationwide '15-'16 Primary Policy"), a true and correct copy of which is attached hereto as Exhibit C.

10.

The Nationwide '15-'16 Primary Policy was renewed for the period of May 1, 2016, to May 1, 2017 ("Nationwide '16-'17 Primary Policy"), a true and correct copy of which is attached hereto as Exhibit D.

11.

Nationwide issued commercial liability umbrella policy number CU135235A to CRF for the period of May 3, 2013, to May 3, 2014 ("Nationwide '13-'14 Umbrella Policy"), a true and correct copy of which is attached hereto as Exhibit E.

12.

The Nationwide '13-'14 Umbrella Policy was renewed for the period of May 3, 2014, to May 1, 2015 ("Nationwide '14-'15 Umbrella Policy"), a true and correct copy of which is attached hereto as Exhibit F.

13.

The Nationwide '14-'15 Umbrella Policy was renewed for the period of May 1, 2015, to May 1, 2016 ("Nationwide '15-'16 Umbrella Policy"), a true and correct copy of which is attached hereto as Exhibit G.

14.

The Nationwide '15-'16 Umbrella Policy was renewed for the period of May 1, 2016, to May 1, 2017 ("Nationwide '16-'17 Umbrella Policy"), a true and correct copy of which is attached hereto as Exhibit H.

15.

National Surety issued excess liability policy number SHX-000-1504-9562 to CRF for the period of May 3, 2013, to May 3, 2014 ("National Surety '13-'14 Excess Policy"), a true and correct copy of which is attached hereto as Exhibit I.

16.

National Surety issued excess liability policy number SHX-000-3209-5036 to CRF for the period of May 3, 2014, to May 1, 2015 ("National Surety '14-'15 Excess Policy"), a true and correct copy of which is attached hereto as Exhibit J.

17.

National Surety issued excess liability policy number SHX-000-1516-3298 to CRF for the period of May 1, 2015, to May 1, 2016 ("National Surety '15-'16 Excess Policy"), a true and correct copy of which is attached hereto as Exhibit K.

18.

National Surety issued excess liability policy number SHX-000-1522-3464 to CRF for the period of May 1, 2016, to May 1, 2017 ("National Surety '16-'17 Excess Policy"), a true and correct copy of which is attached hereto as Exhibit L.

## THE UNDERLYING CLAIMS

19.

CRF is in the business of processing and packaging frozen fruit and vegetables for many commercial customers, who sell the CRF products under their own brands.

20.

Based on evidence that CRF products were potentially contaminated with listeria, CRF ceased operations at its facility located in Pasco, Washington on April 22, 2016. CRF issued a recall of 11 frozen vegetable products at that time. On May 2, 2016, CRF expanded the recall to include all of its fruit and vegetable products manufactured or processed at the Pasco facility since May 1, 2014 ("Recalled Products").

21.

CRF and/or Nationwide has received hundreds of discrete claims for damages allegedly arising from the Recalled Products. Some claims have been made by commercial customers for property damage and related damages caused by use of the Recalled Products. Other claims have been made by individuals alleging bodily injury and related damages caused by consumption of the Recalled Products. Each claim implicates one or more discrete instances of property damage or bodily injury.

GORDON & POLSCER, L.L.C.
9755 S.W. Barnes Road, Suite 650
Portland, OR 97225
(503) 242-2922

22.

Nationwide is investigating, defending, and/or settling the claims against CRF, as may be reasonable and appropriate, pursuant to the coverage provided by Nationwide under the commercial general liability policies issued to CRF. It appears certain that indemnity payments will eventually exhaust the Limits of Liability for the Nationwide '15-'16 Primary Policy and the Nationwide '15-'16 Umbrella Policy.

23.

Nationwide has sought to work cooperatively with National Surety in the settlement of claims against CRF, including claims that will exhaust the Nationwide '15-'16 Primary Policy and the Nationwide '15-'16 Umbrella Policy. Nationwide has taken the position that, after the Limits of Liability under the Nationwide '15-'16 Primary Policy and the Nationwide '15-'16 Umbrella Policy are exhausted, coverage under the National Surety '15-'16 Excess Policy is triggered for damages allocable to the '15-'16 policy period.

24.

To date, National Surety has taken the position that coverage is not triggered under any of its excess policies, regardless of the policy period during which damage allegedly occurred, until the Limits of Liability are exhausted for each and every Nationwide primary and umbrella policy.

**REQUEST FOR DECLARATORY RELIEF**

25.

Nationwide incorporates herein by reference paragraphs 1 through 24.

26.

An actual justiciable controversy exists between Nationwide and National Surety about when coverage is triggered under the National Surety excess policies.

27.

Pursuant to 28 U.S.C. § 2201, Nationwide is entitled to a declaration that, with respect to the damages alleged against CRF related to the Recalled Products: (a) only the Nationwide '15-'16 Primary Policy and the Nationwide '15-'16 Umbrella Policy provide coverage for covered damages properly allocable to the '15-'16 policy period, and (b) coverage under the National Surety '15-16 Excess Policy is triggered when the Limits of Liability are exhausted in the Nationwide '15-'16 Primary Policy and the Nationwide '15-'16 Umbrella Policy by payment of claims properly allocable to the '15-'16 policy period.

28.

The requested declaratory relief will expedite resolution of the pending claims against CRF.

**PRAYER**

WHEREFORE, having pleaded a claim for declaratory relief, Nationwide prays for relief by requesting that this Court issue an Order:

1. Declaring that, with respect to the damages alleged against CRF related to the Recalled Products, only the Nationwide '15-'16 Primary Policy and the Nationwide '15-'16 Umbrella Policy provide coverage for covered damages properly allocable to the '15-'16 policy period;

2. Declaring that, with respect to the damages alleged against CRF related to the Recalled Products, coverage under the National Surety '15-16 Excess Policy

is triggered when the Limits of Liability are exhausted in the Nationwide '15-'16 Primary Policy and the Nationwide '15-'16 Umbrella Policy by payment of claims properly allocable to the '15-'16 policy period;

      3. Awarding to Nationwide its costs, disbursements; and

      4. Granting Nationwide such other and further relief that the Court deems just and equitable.

      DATED this 28th day of February, 2018.

*s/Diane L. Polscer*
Diane L. Polscer, WSB No. 14627
Telephone Number: (503) 242-2922
dpolscer@gordon-polscer.com

Attorneys for Plaintiff Nationwide Agribusiness Insurance Company

COMPLAINT FOR DECLARATORY RELIEF - Page 8

**GORDON & POLSCER, L.L.C.**
9755 S.W. Barnes Road, Suite 650
Portland, OR 97225
(503) 242-2922